Per Curiam.

The amended count and the original one are for the same cause of action.[1]
*470 The leave granted to plead anew as of the first term has reference to a new plea to the merits. It was too late to plead in abatement.
The declaration alleges a promise to pay a debt on demand, but the evidence is of a promise to pay at a future day, which has not arrived. This would be a fatal variance, but for the statute. The estate was represented insolvent, and the note, though not due, was laid before the commissioners. They ought to allow such debts, rebating the interest where it is proper [2] This claim was rejected, and it became necessary to bring a suit at law, as allowed by the statute.[3] The proper mode of declaring in the present case was, to set forth the note as it is, and to state that it has been laid before the commissioners and been rejected, &c. whereby an action has accrued, &c.
The verdict must be set aside, and the plaintiff has leave to amend, upon paying costs.

 See Fry v. Evans, 8 Wendell, 530; Clark v. Lamb, post 515, note 1.

 See Harding v. Smith, 11 Pick. 480.

 See Revised Stat c. 68.